IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Quincy Jovan Allen, | ) | C/A No.: 1:10-2605-RMG-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Darryl McGhee, | ) | |
| Defendant. | ) | |

Plaintiff Quincy Jovan Allen is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"), and he has filed this action pro se, asserting claims under 28 U.S.C. § 1983 for violations of his constitutional rights. Before the court is Plaintiff's Motion to Dismiss filed on March 25, 2011 [Entry #60]. In his motion, Plaintiff requests the court dismiss this action without prejudice due to a temporary eye disability, so that Plaintiff may litigate the issues presented herein when his full vision is restored. Defendant has indicated he does not oppose the motion.

The court construes Plaintiff's motion as a motion for voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), which provides in pertinent part, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). This rule permits a plaintiff to dismiss his case without prejudice, but requires that the plaintiff obtain court approval. *See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993). The main purpose of the rule is to freely permit voluntary

dismissals while safeguarding the non-movant from prejudice. *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).

Generally, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied unless the defendant will suffer prejudice. *See Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). Factors a district court should consider in ruling on such motions are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending. *Gross v. Spies*, 133 F.3d 914 (Table), at *5 (4th Cir. Jan. 13, 1998) (internal citations omitted). These factors do not represent an exhaustive list, however, and any other case-specific factors should be considered by the district court. *Id.* "Courts generally agree, however, that the mere prospect of a second lawsuit is not sufficient prejudice to justify denying a motion for voluntary dismissal." *Id.* (internal citations omitted). Similarly, "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit." *Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987).

Here, Defendant does not appear to have expended great efforts or expense preparing for trial, as discovery is not yet complete and no dispositive motions have been prepared. Additionally, Defendant does not oppose the motion to dismiss. Plaintiff has not demonstrated a lack of diligence in this matter, as he has thus far ably litigated the case. Plaintiff's disability, which he describes as "of a limited duration," is a reasonable

2

explanation for requesting dismissal. Finally, the case is still in the early stage of litigation, as no summary judgment motions are pending.[1] Therefore, after weighing the above-stated factors and in light of Defendant's lack of opposition, the undersigned recommends Plaintiff's motion be granted [Entry #60] and this case be dismissed without prejudice.

    IT IS SO RECOMMENDED.

March 29, 2011                                      Shiva V. Hodges
Florence, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] Plaintiff has seven additional motions pending in this matter, five of which were filed within 15 days of the date of this Report. If the district judge accepts this recommendation, the pending motions will be moot.

3